IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gerald Lee Scott,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Palmetto Healthcare LLC,<br><br>　　　　　　　　Defendant. | Civil Action No.: 2:10-474-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion to dismiss [Doc. 20] pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as plaintiff's affidavit in opposition [Doc. 27].[1] The plaintiff, who is proceeding *pro se*, has pled claims for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's

---

[1] The plaintiff was given additional time through October 1, 2010, to file any additional response to defendant's motion to dismiss. [Doc. 29.] He did not do so.

legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

## **DISCUSSION**

The defendant first contends that the plaintiff has not pled the necessary elements of a Title VII claim for discriminatory discharge. To establish a *prima facie* case of discriminatory discharge, the plaintiff must ultimately show: (1) that he is a member of a protected class; (2) that he suffered from an adverse employment action; (3) that at the time the employer took the adverse employment action he was performing at a level that met his employer's legitimate expectations; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). The defendant contends that the plaintiff has not identified himself as a member of a protected class and makes no claim to being qualified for his job or that he was otherwise performing it satisfactorily. The defendant contends the Complaint is simply devoid of allegations of discrimination.

The Court would respectfully disagree. The plaintiff was rehired by the defendant after having left the company in 2006. (Compl. at 3.) The plaintiff contends that his employment was terminated after it was discovered that his file contained a "no call, no show, no rehire" restriction. *Id*. As a result, the plaintiff contends that he was improperly

fired, after having been rehired, upon the defendant's discovery of such a limitation in his file. *Id*.

Although the Complaint could certainly have been more direct in its accusations, it is relatively apparent that the plaintiff has meant to contend that he was discriminated against on account of his gender, insofar as he repeatedly implies that "womens [sic] who had the same stipulation in there [sic] files were allowed to continue to work." (Compl. at 4.). To the Court, this is sufficient to state a cause of action for discriminatory discharge on account of race, even if not every element of the claim is specifically traced.

The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Even though a *pro se* complaint is entitled to liberal construction, "a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681-682 (D.C.Cir.2009) (quotation omitted).

It is the undersigned's view that the plaintiff has pled sufficient facts from which the court can draw a reasonable inference regarding the alleged misconduct of the defendant. That his job performance was not problematic is necessarily implied by his foundational allegation that discrimination was the actual motive for termination.

3

Nevertheless, it appears that the case must still be dismissed. The defendant also contends that the plaintiff has failed to file a claim with the Equal Employment Opportunity Commission ("EEOC"). It is well-established that prior to bringing a lawsuit under Title VII, a plaintiff must have filed a charge of discrimination with the EEOC and received a right to sue letter or other notice of termination of the administrative investigation. 42 U.S.C. § 2000e-5(e); *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 139 (4th Cir. 2007); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). To the extent the plaintiff has brought claims pursuant to the Americans with Disabilities Act ("ADA") or the Age Discrimination in Employment act ("ADEA") (see Pl. Resp. at 2), exhaustion is also required for those statutory schemes as well. *See, e.g., Downie v. Revco Disc. Drug Ctrs., Inc.*, 448 F. Supp. 2d 724, 728 (W.D. Va.2006) (ADA); *Flickinger v. E.I. du Pont de Nemours & Co.*, 466 F. Supp. 2d 701, 707 (W.D. Va.2006) (ADEA). In his response, the plaintiff makes no rejoinder whatsoever to this objection nor has he elsewhere shown or claimed to have ever filed a charge of discrimination. (See generally id; Compl.) Accordingly, the case should be dismissed *without prejudice*.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 20] be GRANTED and all claims dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 20, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page**

4