IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Lee Scott, ) | |
| ) | C/A No. 2:10-0474-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Palmetto Healthcare LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Gerald Lee Scott, proceeding pro se, filed the within complaint on March 1, 2010, alleging that he was subjected to gender discrimination by his former employer, Defendant Palmetto Healthcare LLC. See 42 U.S.C. §§ 2000e et seq.

This matter is before the court on motion to dismiss filed by Defendant on August 5, 2010. On August 6, 2010, an order was issued in pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences of failing to respond adequately. Plaintiff filed an affidavit in opposition to Defendant's motion on September 10, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation on October 20, 2010 in which she recommended that the within action be dismissed because Plaintiff had not exhausted his administrative remedies with the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(e). Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the recommendation of the Magistrate Judge that Defendant's motion to dismiss be **granted** because Plaintiff has not exhausted his administrative remedies. Plaintiff's complaint is dismissed *without prejudice*. The court expresses no opinion regarding the merits of Plaintiff's allegations.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 17, 2010.